| |
|---|
| **Morang v New York City Tr. Auth.** |
| 2024 NY Slip Op 31022(U) |
| March 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157780/2012 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. ADAM SILVERA**  PART **40**

_Justice_

-------------------------------------------------------------------X

MICHELLE MORANG

Plaintiff,

- v -

THE NEW YORK CITY TRANSIT AUTHORITY,

Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157780/2012 |
| MOTION DATE | 09/01/2023 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 201, 202, 203, 204, 205, 206, 207, 212, 214, 215, 216, 217, 218, 219, 220, 221, 224, 225

were read on this motion to/for          REARGUMENT/RECONSIDERATION          .

Upon the foregoing documents, it is ordered that defendant New York City Transit Authority's motion to reargue this Court's prior Decision/Order dated July 3, 2023 (hereinafter referred to as the "Prior Decision"), and to vacate such order, is denied for the reasons set forth below.

Plaintiff commenced this action against defendant, by summons and complaint seeking monetary damages for personal injuries resulting from an accident which allegedly occurred when plaintiff's foot fell into the gap between the train and the platform. In the Prior Decision, this Court determined that the plaintiff had established that the documents requested in plaintiff's demands were material and necessary, and ordered plaintiff to be permitted to inspect defendant's security camera center. Here, defendant moves to reargue the Prior Decision, and seeks, upon reargument, for the vacatur of the order to produce discovery and an inspection.

157780/2012  MORANG, MICHELLE vs. TRANSIT AUTHORITY
Motion No.  007

Page 1 of 4

Defendant does not seek to reargue the portion of the Prior Decision with regards to the qualified immunity defense. Defendant argues that as the Court's Prior Decision did not explicitly state the outstanding discovery, the Court could not have determined that the unspecified discovery was material and necessary. Defendant further argues that the Court erred in ordering defendant to permit plaintiff to inspect defendant's secured video security center as sufficient affidavits were provided by defendant on this issue. Plaintiff opposes and defendant replies.

CPLR 2221(d)(2) permits a party to move for leave to reargue a decision upon a showing that the court misapprehended the law in rendering its initial decision. "A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision." *William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 (1st Dep't 1992), *appeal denied in part, dismissed in part* 80 NY2d 1005 (1992) (internal quotations omitted).

The Court notes that defendant failed to establish that the Court, in the Prior Decision, misapprehended or overlooked the facts or law in ordering discovery. In fact, the Court clearly stated that a determination was made that the discovery requested by plaintiff was material and necessary. Although defendant argues herein that the Court could not have evaluated the relevancy of the requested discovery as the Court did not explicitly list the discovery, such argument fails. In the prior motion, Plaintiff's Combined Demands for Discovery dated July 21, 2015 and plaintiff's Second Set of Combined Demands dated May 18, 2018 were readily available for the Court's review. In fact, plaintiff's discovery demands were proffered by defendant in support of the prior motion. Having reviewed plaintiff's requested discovery, the

**157780/2012  MORANG, MICHELLE vs. TRANSIT AUTHORITY**
**Motion No. 007**

Page 2 of 4

Court found that such discovery was material and necessary. Here, defendant fails to demonstrate any misapprehension in the Prior Decision.

With regards to defendant's argument relating to the video security center, the Court notes that defendant's arguments regarding the sufficiency of the affidavits submitted in the prior motion also fails. The Court, in the Prior Decision, explicitly held, after review of such affidavits, that "defendant Transit Authority does not dispute that it failed to provide an affidavit as ordered by Judge Adams in February of 2020. Moreover, the affidavits of Mr. Boychuk, proffered herein, is insufficient to establish that there were no cameras capable of capturing the instant accident." Prior Decision, p. 4. In fact, "Mr. Boychuk's affidavit specifically states that there is one camera that is capable of capturing the location of the accident." *Id.* Here, defendant has failed to demonstrate that the Court misapprehended the law or facts in ordering an inspection of the video security center.

Accordingly, it is

ORDERED that the defendant's motion to reargue is denied in its entirety; and it is further

ORDERED that, within 30 days, plaintiff shall serve defendant with a supplemental discovery demand detailing all the outstanding documentary discovery; and it is further

ORDERED that defendant shall respond to plaintiff's supplemental discovery demand within 90 days thereafter; and it is further

ORDERED that defendant's counsel shall arrange with plaintiff's counsel for a site inspection to take place within 90 days; and it is further

ORDERED that, within 30 days of entry, plaintiff shall serve upon all parties a copy of

**157780/2012   MORANG, MICHELLE vs. TRANSIT AUTHORITY**
**Motion No.  007**

[* 3]

this decision and order, together with notice of entry.

This constitutes the Decision and Order of the Court.

| 3/27/2024 | | |
|---|---|---|
| DATE | | ADAM SILVERA, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**157780/2012  MORANG, MICHELLE vs. TRANSIT AUTHORITY**
**Motion No.  007**

Page 4 of 4

4 of 4